IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-538-JJF |
| | : | |
| SENATOR LARRY CRAIG, REP. | : | |
| MARK FOLEY, SENATOR DAVID | : | |
| VITTER, REP. BARNEY FRANK, | : | |
| ROMAN CATHOLIC PRIESTS, KOBE | : | |
| BRYANT, R. KELLY, WARREN | : | |
| JEFFS, DUKE LACROSSE PLAYERS, | : | |
| MICHAEL JACKSON, JAMES | : | |
| MCGREEVY, and WILLIAM | : | |
| JEFFERSON CLINTON, | : | |
| | : | |
| Defendants. | : | |

---

Jonathan Lee Riches, **Pro se** Plaintiff, FCI Williamsburg, Salters, South Carolina.

---

**MEMORANDUM OPINION**

October 5, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Jonathan Lee Riches ("Riches"), an inmate at FCI-Williamsburg, Salters, South Carolina, who proceeds pro se, filed this civil action entitled "Civil Complaint 'Perverting America' 'TRO Temporary Restraining Order' "Preliminary Injunction.'" (D.I. 1.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Plaintiff has taken salacious "news items of the day" to allege that various actions taken by well-known individuals have violated his civil rights and liberties. For example, Plaintiff alleges he has suffered as a result of actions taken by Michael Jackson, Roman Catholic Priests, Kobe Bryant, the Duke Lacrosse team, Larry Craig, and Mitt Romney. Plaintiff seeks injunctive relief and ninety-nine billion dollars in damages.

## II. STANDARD OF REVIEW

When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Section 1915A(b)(1) provides that the court may dismiss a Complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an

arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function, the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Fullman v. Pennsylvania Dep't of Corr.</u>, C.A. No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v Colley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if

3

doubtful in fact)." Id. (citations omitted). However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 5, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

The Court will not paint the lily. The Complaint does not contain coherent claims for relief. Plaintiff's allegations are clearly baseless and fail to establish that he has been deprived of a constitutionally or federally protected right by any of the named Defendants. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.